UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

TODD DUANE MINNIS,

    Plaintiff,

v.                                      Case No. 5:19-cv-173-MCR/MJF

CHRISTOPHER BRANNON, et al.,

    Defendants.
                                      /

**REPORT AND RECOMMENDATION**

This *pro se* civil rights action is before the court for preliminary screening of Plaintiff's complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A. From a review of the complaint, it is evident that the facts as presented fail to state a facially plausible claim for relief against the named Defendants and that any amendment of the complaint would be futile. Therefore, the undersigned respectfully recommends that this action be dismissed.[1]

**I.    Background**

Plaintiff filed this civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff alleges violation of his right to due process. Plaintiff names four defendants:

---

[1] The case was referred to the undersigned to address preliminary issues and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b).

(1) Christopher Brannon; (2) Glenn Hancock; (3) Lisa Coachman; and (4) Lateisha Salters. (Doc. 1 at pp. 5-6). Plaintiff alleges that on April 2, 2019, Plaintiff had a psychological episode where he took his clothes off in the bedding area of his dorm. Correctional officers removed Plaintiff from the dorm and placed him in administrative confinement pending disciplinary resolution. (Doc. 1 at ¶¶ 9, 10, 14).

Plaintiff alleges that Defendant Salters issued a disciplinary report charging Plaintiff with "Lewd and Lascivious Exhibition." (*Id.* at ¶ 15). According to Plaintiff, Salters falsified statements in the report, including that she was present in the dorm and the Plaintiff was acting in a sexual manner. Plaintiff purportedly requested that the investigating officer look at the camera footage from the bedding area security camera because the video footage would demonstrate the falsity of Salters's report. (*Id.* at ¶ 18).

Plaintiff further alleges that, at the disciplinary hearing, Defendant Coachman advised Plaintiff that the camera footage did not support his claims,[2] and Coachman found Plaintiff guilty of the charge. (*Id.* at ¶ 20). Additionally, Plaintiff alleges that Coachman did not consider Plaintiff's statements in making the disciplinary decision. (Doc.1 at ¶ 30). Plaintiff was sentenced to sixty days confinement and 30 days loss of gain time. Plaintiff appealed this decision to Defendants Brannon and

---

[2] Plaintiff also alleges that Coachman refused to view the video footage. (Doc. 1 at ¶ 30).

Handcock, who denied Plaintiff's appeal. Plaintiff also alleges that disciplinary decision was not supported by the evidence and that he did not receive a written report setting forth the evidence on which the hearing team relied in finding Plaintiff guilty. As relief, Plaintiff seeks compensatory and punitive damages.

## II. Standard

Because Plaintiff is a prisoner, the court is required to review his complaint, identify cognizable claims and dismiss the complaint, or any portion thereof, if the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)-(b); *see also* 28 U.S.C. § 1915(e)(2)(B) (applying the same standard to *in forma pauperis* proceedings). Dismissals for failure to state a claim are governed by the Rule 12(b)(6) standard. *See* Fed. R. Civ. P. 12(b)(6); *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The court accepts all well-pleaded factual allegations of the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. The mere possibility that the defendant acted unlawfully is insufficient. *Id.*; *see also* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). The complaint's factual allegations "must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965; *see also Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (reiterating that although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). A complaint may also be dismissed for failure to state a claim "when its allegations, on their face, show that an affirmative defense bars recovery on the claim." *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003); *see also Marsh v. Butler Cty., Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001); *Jones v. Bock*, 549 U.S. 199, 215, 127 S.C. 910, 920-21 (2007) (reiterating that principle).

### III.  Discussion

The Due Process Clause protects against deprivations of "life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. To state a claim

for a violation of procedural due process, a prisoner must show there was "(1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally inadequate process." *Cryder v. Oxendine*, 24 F.3d 175, 177 (11th Cir. 1994).

Here, Plaintiff alleges that he was deprived of liberty and good time credits. "The deprivation of good time is unquestionably a matter of considerable importance" and the state must afford an inmate due process before depriving an inmate of good time. *Wolff v. McDonnell*, 418 U.S. 539, 561, 94 S. Ct. 2963, 2977 (1974); *O'Bryant v. Finch*, 637 F.3d 1207, 1213 (11th Cir. 2011). When a prison disciplinary hearing may result in the loss of good time credits, an inmate must receive: (1) written notice of the charges brought against him at least twenty-four hours before the hearing; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement of the factfinder as to the evidence relied upon and the reasons for the disciplinary action taken. *Wolff*, 418 U.S. at 564-65, 94 S. Ct. at 2978-79; *O'Bryant*, 637 F.3d at 1213; *Young v. Jones*, 37 F.3d 1457, 1459-60 (11th Cir. 1994); *Battle v. Barton*, 970 F.2d 779, 782 (11th Cir. 1992).

Not all due process violations are cognizable under a section 1983 claim, however. The Supreme Court has held that a prisoner in state custody cannot use a Section 1983 action to challenge "the fact or duration of his confinement." *Preiser*

*v. Rodriguez*, 411 U.S. 475, 500, 93 S. Ct. 1827, 1481 (1973); *see also Wolff v. McDonnell*, 418 U.S. 539, 554, 94 S. Ct. 2963, 2973 (1974). In *Heck v. Humphrey* and its progeny, the Supreme Court extended this rationale and held that "a state prisoner may not maintain an action under 42 U.S.C. § 1983 if the direct or indirect effect of granting relief would be to invalidate the state sentence he is serving." *Harden v. Pataki*, 320 F.3d 1289, 1295 (11th Cir. 2003) (citing *Spencer v. Kemna*, 523 U.S. 1, 21, 118 S. Ct. 978, 990 (1998) (Ginsburg, J. concurring)); *see Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 2372 (1994) (holding that in order to pursue a civil rights action for damages based on an unlawful or invalid conviction or sentence, the litigant must first establish that the conviction or sentence has been overturned).

In *Edwards*, the Supreme Court further extended this principle to claims brought by a prisoner seeking damages for due process violations during disciplinary hearings that would necessarily imply the invalidity of disciplinary determinations affecting the duration of time to be served, even if the prisoner does not explicitly seek to restore his prison gain time or to otherwise shorten his sentence. *Edwards v. Balisok*, 520 U.S. 641, 648, 117 S. Ct. 1584, 1589 (1997). There, the Supreme Court noted that there is a distinction between bringing a 1983 claim for the wrong procedure and attempting to bring a 1983 claim for the wrong result. *Id.* (citing *Cary v. Piphus*, 435 U.S. 247, 266-67, 98 S. Ct. 1042, 1053-54 (1978)). But the Court was

careful to note that even a claim challenging the wrong procedure would still be barred by *Heck* if success on the claim would "necessarily imply the invalidity of the deprivation of . . . good-time credits." *Edwards*, 520 U.S. at 647, 117 S. Ct. at 1588. Thus, *Edwards* forecloses all claims challenging a disciplinary proceeding unless they were "purely procedural, as in *Wolff* . . . ." *Harden*, 320 F.3d at 1295 n.9.

In the instant case, Plaintiff seeks damages for the "punishment," including loss of liberty and loss of good time credit, from the alleged denial of due process. Plaintiff's principal complaints are that Defendant Salter filed a false disciplinary report, Defendant Coachman refused to review exculpatory evidence—including camera footage and Plaintiff's statements, and Defendant Coachman lacked sufficient evidence to find that Plaintiff violated a prison regulation. Although these claims may implicate procedural rights outlined in *Wolff* (*e.g.*, Plaintiff's right to present evidence in his defense), success on these claims necessarily would imply that the underlying finding of guilt was invalid. Thus, Plaintiff's claims clearly are barred by *Edwards*. Unless Plaintiff successfully overturns the finding of guilt, he cannot maintain this § 1983 action for damages. Because Plaintiff initiated this civil rights action prior to seeking invalidation of the disciplinary finding of guilt, this action must be dismissed as premature. *See Heck*, 512 U.S. at 487, 114 S. Ct. at 2372.

## IV. Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. That the complaint be **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief may be granted.

2. That this dismissal be deemed a "strike" for purposes of 28 U.S.C. § 1915(g).

At Panama City Beach, Florida this <u>1st</u> day of August, 2019.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.